UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kevin Harris<br><br>                    Plaintiff,<br><br>          -against-<br><br>The City of New York, Stephen Polesovsky, in his individual capacity, and John Doe, in his individual capacity,<br><br>                    Defendants | ECF CASE<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>11 Civ. 0329 (LTS) |

**PRELIMINARY STATEMENT**

1.      This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

**JURISDICTION**

2.      This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

3.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4).

**VENUE**

4.      Venue is proper pursuant to 28 U.S.C. § 1391 (b) in that, *inter alia*, the events giving rise to the claim occurred in the Southern District of New York.

**JURY DEMAND**

5.      The Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

**PARTIES**

6. Plaintiff KEVIN HARRIS is a citizen of the United States and a resident of New York.

7. Defendant THE CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

8. The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

9. At all relevant times herein, defendants STEPHEN POLESOVSKY and JOHN DOE (collectively, the "Individual Defendants") were employed by the NYPD and were acting in the capacity of agents, servants, and employees of the City were police officers employed by the NYPD and each was acting in the capacity of agent, servant, and employee of the City.

10. Plaintiff is unable to determine the actual name of John Doe at this time and thus sues him under a fictitious name.

11. At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance

of their lawful functions in the course of their duties. The Individual Defendants were acting for and on behalf of the City of New York at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City of New York and incidental to the lawful pursuit of their duties as officers, employees and agents of the City of New York.

12. The Individual Defendants are sued in their individual capacities.

## STATEMENT OF FACTS

13. At approximately 1:30 in the morning of December 10, 2009, plaintiff Kevin Harris was inside of the lobby of 40 West 115th Street in City, County and State of New York.

14. He had just come downstairs from Apartment 11F, the apartment in which he grew up and that is now the home of his sister, Seneca Harris, with whom he sometimes stays.

15. At that time and place, Mr. Harris was stopped by two police officers, the Individual Defendants herein, and questioned concerning the whereabouts of some other individuals that he had just seen running.

16. Officer Polesovsky then inquired as to whether Mr. Harris was legitimately in the building. He explained to the officer that he was there legitimately and, at the officer's request, showed him his keys.

17. Officer Polesovsky did not check at Apartment 11F to confirm what Mr. Harris told him. And notwithstanding the fact that Mr. Harris should Officer Polesovsky the keys, Officer Polesovsky directed Mr. Harris, who was not wearing a coat, to his car, where he made Mr. Harris wait outside while he apparently looked up Mr. Harris' name.

18. After approximately 10 minutes, Officer Poelsovsky arrested Mr. Harris and, with John Doe, brought him to a NYPD precinct.

19. After approximately 18 hours in police custody, Mr. Harris was finally arraigned on charges of Criminal Trespass in the Second Degree (New York Penal Law § 140.15) and Criminal Trespass in the Third Degree (New York Penal Law § 140.10(e)) and released on his own recognizance.

20. On April 1, 2010, the charges against Mr. Harris were dismissed for the District Attorney's failure to prosecute it.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the Individual Defendants

21. All other paragraphs herein are incorporated by reference as though fully set forth.

22. By arresting, detaining, charging the plaintiff, the Individual Defendants engaged under color of law in the violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to, *inter alia*, be free from unreasonable searches and seizures, false arrest and imprisonment, and malicious prosecution.

### SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York

23. All other paragraphs herein are incorporated by reference as though fully set forth.

24. Municipal liability for the violations of plaintiff's Fourth and Fourteenth Amendment rights rests upon the grounds set forth below.

25. At all times material to this complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

26. At all times material to this complaint, the defendant City, acting through the NYPD

and the Individual Defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the Individual Defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

WHEREFORE, the plaintiff requests that this Court:

    1.    Assume jurisdiction over this matter;

    2.    Award compensatory and punitive damages to the plaintiff against the defendants, jointly and severally;

    3.    Award the plaintiff reasonable costs, disbursements and attorney's fees; and

    4.    Grant any other relief the court deems appropriate.

Dated: New York, New York
       January 14, 2011

                              Respectfully submitted,

                              Darius Wadia, L.L.C.

                              /s/
                              _____
                              By:  Darius Wadia (Bar number DW8679)
                              Attorney for Plaintiff
                              233 Broadway, Suite 2208
                              New York, New York  10279
                              dwadia@wadialaw.com